**Wayne Harold LAWRENCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–248 CR.**

Court of Appeals of Texas, Beaumont.

May 18, 1988.

Willard J. Hall, Jr., Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

A jury convicted Appellant of unauthorized use of a motor vehicle. Appellant pleaded "true" to four former felony convictions. The judge assessed punishment at twenty-five years in the Texas Department of Corrections. Appeal has been perfected to this court.

■ Point of error number one complains of the failure of the trial court to give the following instruction:

" 'Members of the jury:

"In this case, you have heard certain evidence known as impeachment evidence, and is brought to you because it may bear on the credibility of one or more witnesses in this case and may assist you in deciding whether the testimony of a witness should be believed either in whole or in part. Impeachment evidence, may be for example, that a person has a poor character for truthfulness or that he may have had a drug addiction. In this case, you are to consider such impeachment evidence for purposes as such assists you in determining whether the testimony of a witness should be believed, either in whole or in part. You are not to consider such impeachment evidence for any other purposes".' "

The State called James Petry Rogers as a witness, who identified Appellant as having driven the car involved into the witness's driveway. On cross-examination, Appellant's counsel brought out that Rogers had been a user of cocaine.

In *Nethery v. State*, 692 S.W.2d 686, 705 (Tex.Crim.App.1985), we find:

"Furthermore, as the State points out, the rule set forth in *Henley*, supra [387 S.W.2d 877 (Tex.Crim.App.1965) (opinion on rehearing)], is applied when the *State* impeaches their own witness with a prior statement. A limiting instruction explaining to the jury that the prior statement is not evidence protects a defendant from having the jury consider the State's impeachment of their own witness as evidence against the defendant. The same situation is not presented when a *defendant* impeaches the *State's witness*. If a court refuses a defendant's request for an instruction limiting the jury's consideration of impeaching testimony brought out by a defendant of a State's witness, the rationale of *Henley* does not apply...." (Emphasis in opinion.)

This point of error is overruled.

■ Point of error number two states: "The Honorable Trial Court erred in overruling, in the face of an appropriate special requested charge which correctly instructed the jury on the separate offense of theft, Defendant's objection to the court's charge which specifically objected to the court's failure to limit the jury's attention to the separate offense of automobile theft."

Appellant's counsel requested the following instruction which the court refused:

"The Defendant objects to the proposed charge as same fails to limit the jury's consideration of certain circumstances pertaining to the separate offense of theft of the automobile in question, and cites this court the Texas Rules of Criminal Evidence Rule 105 and requests a limiting instruction to the jury as follows:

" 'Members of Jury: In this case, testimony has been introduced pertaining to the separate offense of the theft of the automobile in question. This case is one of unauthorized use of a motor vehicle and not theft of an automobile. Therefore, you must not consider that the Defendant is being accused of automobile theft in this case. In this case, the testimony of the theft of the motor vehicle in question shall be considered by you only insofar as this leads up to the circumstances surrounding the use, if any, of the automobile in question. You are not to consider this evidence for any other purpose.' "

Appellant's counsel brought out that the owner of the car did not know the person who stole the car. There is no evidence in the record the car was stolen. Therefore, such requested charge is unnecessary. *See* 23 TEX.JUR.3d *Criminal Law* sec. 2755 (1982); *McCann v. State*, 606 S.W.2d 897 (Tex.Crim.App. 1980). This point of error is overruled.

Appellant has one additional point of error which he terms "arguable" which we find without merit and thus overrule it.

The judgment of the trial court is affirmed.

Affirmed.